UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN KENDRICK,

      Plaintiff,

        v.                                                                CAUSE NO. 3:24-CV-01007-PPS-JEM

RON NEAL, et al.,

      Defendants.

OPINION AND ORDER

Brian Kendrick, a prisoner without a lawyer, has filed a motion for reconsideration from the order granting summary judgment in favor of the defendants. ECF 57. Summary judgment was granted in favor of the defendants because the undisputed facts showed Kendrick did not exhaust his available administrative remedies before filing this lawsuit. ECF 55. Specifically, the defendants provided evidence showing Kendrick submitted a grievance but did not fully exhaust that grievance by submitting Level I and Level II appeals. *Id.* at 4-5. In his summary judgment response, Kendrick conceded he did not fully exhaust any relevant grievance, and instead argued that his administrative remedies were unavailable because he submitted an "emergency grievance" and never received any receipt or response from the grievance office. ECF 47 at 6-9. The court accepted as undisputed that Kendrick did not fully exhaust any grievance and concluded he still had an available administrative remedy he did not exhaust because he did not provide any evidence he complied with the Offender Grievance Process' "notice requirement," which requires an inmate who

submits a grievance and never receives any receipt or response from the grievance office to "notify the Offender Grievance Specialist of that fact" and "retain[] a copy of the notice." ECF 55 at 6-7. The summary judgment order also considered and rejected Kendrick's alternate contention that his administrative remedies were unavailable because the grievance office rejected his grievance as untimely. *Id.* at 4 n.2.

In his motion for reconsideration, Kendrick raises two arguments. First, he argues for the first time that he did fully exhaust a grievance. ECF 57 at 4-5. This argument conflicts with the argument Kendrick raised in his response to the summary judgment motion. Specifically, in his response to the summary judgment motion, Kendrick conceded he did not fully exhaust any relevant grievance and instead argued his administrative remedies were unavailable because he submitted an "emergency grievance" and never received any receipt or response from the grievance office. *See* ECF 47 at 6-9; ECF 44 at 3 ("On approximately January 19, 2023, I submitted my grievance, relating to the fire[.] The ISP grievance specialist prevented me from appealing by failing to respond or take any action on my respective grievance"). Now, Kendrick changes his story and argues that he did in fact receive a response to his grievance, and argues he fully exhausted that grievance by submitting Level I and Level II appeals. He provides a copy of an "Offender Grievance Response Report" for his grievance which he signed after the warden denied his Level I appeal, along with a "Request for Interview" form he wrote to his counselor stating he submitted that Offender Grievance Response Report to the grievance office. ECF 57-1 at 4-5. But Kendrick should have raised this argument and provided this evidence in his response

2

to the defendants' summary judgment motion. *See King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"); *see also Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (holding that motions for reconsideration serve the limited function "to correct manifest errors of law or fact or to present newly discovered evidence" and cannot be used to introduce new evidence or arguments that could have been presented during the pendency of the previous motion) (citation omitted). Based on the evidence Kendrick provided and the arguments he raised at the summary judgment stage, the undisputed facts showed he had available administrative remedies he did not exhaust before filing this lawsuit. *See* ECF 55 at 4-8. And Kendrick does not argue this "Offender Grievance Response Report" and "Request for Interview" form he now provides were newly discovered, or otherwise explain why he was unable to provide this evidence with his summary judgment response. *See Publishers Res.*, 762 F.2d at 561. Accordingly, because Kendrick does not provide any newly discovered evidence or identify any manifest error of fact or law, but rather only raises an argument for the first time that he could have raised in

3

his response to the summary judgment motion, this argument does not provide a valid basis for reconsideration. *See id*.[1]

Second, Kendrick reiterates his argument that his administrative remedies were unavailable because the grievance office rejected his grievance as untimely. ECF 57 at 4-5. This is not a valid basis for reconsideration, as Kendrick already raised this argument in his response to the defendants' summary judgment motion and the summary judgment order explicitly considered and rejected the argument. *See* ECF 55 at 4 n.2; *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion") (citation omitted). Regardless, as noted in the summary judgment order, the grievance office did state Kendrick's grievance was "submitted outside of time frame," but it nevertheless issued a receipt for the grievance, addressed the grievance on its merits, and allowed Kendrick to submit a Level I appeal to challenge its decision denying that grievance. ECF 31-9 at 1-7. Therefore, the grievance office's assertion that Kendrick's grievance was untimely did not make his administrative remedies unavailable because he still had available remedies to appeal that decision.

---

[1] If Kendrick had raised this argument and provided this evidence with his summary judgment response, it is unclear whether the result of this case would have been any different. From the evidence Kendrick now provides, it appears he submitted the wrong form to initiate a Level II appeal, the Grievance Specialist returned that form to Kendrick with an explanation that he needed to submit the correct form, and there is no evidence Kendrick ever submitted the correct form. ECF 57-1 at 4. Specifically, instead of submitting the Level I appeal form that included the warden's response to the appeal, Kendrick submitted a blank form where he wrote in his own response. *Id.* at 3. The Grievance Specialist told Kendrick he needed to submit the Level I appeal form that included the warden's response (*Id.* at 4), and there is no indication he did so.

For these reasons, Kendrick has not identified any valid basis for reconsideration from the order granting summary judgment in favor of the defendants. His motion for reconsideration (ECF 57) is therefore DENIED.

SO ORDERED on May 1, 2026.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5